William Novotny (#4239)
MARISCAL, WEEKS, McINTYRE
    & FRIEDLANDER, P.A.
2901 North Central Avenue
Suite 200
Phoenix, Arizona 85012-2705
Phone: (602) 285-5000
Phone: (602) 285-5100
william.novotny@mwmf.com

Attorneys for
Estate of Charles E. Helm

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>MIDDLE MOUNTAIN PROPERTIES, LLC,<br><br>　　　　　Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:08-bk-00133-RTB<br><br>(Jointly Administered) |
| In re:<br><br>CRII, LLC,<br><br>　　　　　Debtor. | Case No. 2:08-bk-00135-RTB |
| COLONIAL CAPITAL, LLC,<br><br>　　　　　Movant,<br><br>v.<br><br>MIDDLE MOUNTAIN PROPERTIES, LLC,<br><br>　　　　　Respondent. | **OBJECTION TO COLONIAL CAPITAL, LLC'S CORRECTED MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR CAUSE, AND ALTERNATIVE REQUEST FOR STAY RELIEF PURSUANT TO 11 U.S.C. §362(D)(1)** |

　　　The Estate of Charles E. Helm ("Helm Estate"), by and through its undersigned attorneys, hereby object to Colonial Capital LLC's Corrected Motion for Relief From the Automatic Stay for Cause and Alternative Request for Stay Relief Pursuant to 11

U.S.C. §362(d)(1) (Docket No. 34) ("Stay Motion").  The Stay Motion seeks stay relief so that the Movant, Colonial Capital, LLC ('Colonial"), can complete the foreclosure of certain property located at 105th Avenue and Glendale Avenue in Glendale, Arizona ("Glendale Property"), which is owned by the Debtor, Middle Mountain Properties, LLC ("Debtor").

Charles E. Helm ("Mr. Helm"), who died on December 25, 2007, is the Beneficiary under a Deed of Trust and Assignment of Rents relating to the Glendale Property that was provided by the then owner of the Glendale Property, A&N Investment Properties, LLC, as Trustor, and recorded with the Maricopa County Recorder on August 15, 2005, at Instrument No. 2005-1162989 ("A&N Deed of Trust"). The A&N Deed of Trust secured indebtedness of $1,250,000.00 in favor of Mr. Helm. The Helm Estate is informed and believes that Mr. Helm agreed to release the A&N Deed of Trust for the payment of the obligations due him, but in no event for less than $510,000.00 to be received from loan proceeds that were to be provided by Colonial Capital as of March 2007.  However, as indicated in the Stay Motion, no funds were received by Mr. Helm from the Colonial Capital Loan.  Therefore, the release of the A&N Deed of Trust was invalid for lack of consideration.  The lien in favor of the Helm Estate as evidenced by the A&N Deed of Trust remains as the first position lien on the Glendale Property, senior to any lien or claim of Colonial Capital.

On or about March 13, 2007, a Deed of Trust and Assignment of Rents in favor of Mr. Helm and relating to the Glendale Property was executed and delivered by the Debtor, which was recorded on March 16, 2007, at Instrument No. 2007-0315644, in the Records of Maricopa County ("Middle Mountain Deed of Trust").  The Middle Mountain Deed of Trust constitutes additional security for the indebtedness owed by the Debtor to the Helm Estate.

1. **LIEN PRIORITY.**

This Court must first determine the appropriate lien priority of the interests of Colonial and the Helm Estate in the Glendale Property. Until that determination occurs, no stay modification should occur in favor of Colonial Capital.

2. **VALUE.**

Colonial asserts that the Debtor has no equity in the Glendale Property, yet provides no appraisal information to support that assertion. Until such time as appropriate appraisal reports and testimony are provided to the Court, the Court should assume that the value of the Glendale Property is not less than the amount set forth in the Debtor's Schedules -- $6,120,000.00. If so, the value of the Glendale Property exceeds the indebtedness owed to Colonial Capital and to the Helm Estate, and the Debtor would have equity in the Property.

3. **CAUSE.**

The Stay Motion is also based on alleged "cause" under Section 362(d)(1) of the Bankruptcy Code. However, the "cause" described in the Stay Motion – principally relating to the pre-petition "bad acts" of the Debtor and its principal, Nicholas Bonanno -- does not necessarily support stay modification for Colonial, but may, if sufficiently established by Colonial, support the appointment of a Chapter 11 trustee (11 U.S.C. § 1104(a)) or the conversion of this Chapter 11 case to a Chapter 7 case (11 U.S.C. § 1112). However, the termination of the automatic stay would benefit no one except for Colonial and would harm the Debtor, the Helm Estate, and other creditors.

4. **CONCLUSION.**

Based on the foregoing, the Helm Estate requests that the Bankruptcy Court deny the Stay Motion.

///

**DATED** this 12th day of March, 2008.

                    **MARISCAL, WEEKS, McINTYRE**
                       **& FRIEDLANDER, P.A.**

                          WN/4239
                    By: _____
                       William Novotny
                       2901 North Central Avenue, Suite 200
                       Phoenix, Arizona 85012-2705
                       Attorneys for Estate of Charles E. Helm

Copy of the foregoing sent by electronic mail
on March 12, 2008, to:

Allan D. NewDelman
ALLAN D. NEWDELMAN PC
80 E. Columbus Avenue
Phoenix, AZ 85012
anewdelman@uswest.net
Attorneys for Debtor

James E. Cross
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, AZ 85012-2794
jcross@omlaw.com
Attorneys for Colonial Capital, LLC

WN/4239

---

U:\ATTORNEYS\WN\Helm Estate\Objection to Motion for Relief from Automatic Stay.doc