| | |
|---|---|
| 1 | **Quarles & Brady** LLP |
| 2 | Firm State Bar No. 00443100<br>Renaissance One<br>Two North Central Avenue |
| 3 | Phoenix, Arizona 85004-2391<br>TELEPHONE 602.229.5200 |
| 4 | Gerald L. Shelley, Esq. (#010453) |
| 5 | Gerald.Shelley@quarles.com<br>Attorney for Dewey 36 Lender, LLC |

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>MIDDLE MOUNTAIN, LLC,<br><br>Debtor. | In Proceedings Under Chapter 7<br><br>Case No. 2:08-bk-00133-RTB<br><br>(Jointly Administered) |
| In re:<br><br>CRII, LLC,<br><br>Debtor. | Case No. 2:08-bk-00135-RTB<br><br>**APPLICATION OF DEWEY 36 LENDER LLC TO COMPEL ABANDONMENT OF CLAIM TO SET ASIDE TRANSFER OF REAL PROPERTY** |

This "Application" is filed by DEWEY 36 LENDER, LLC. ("Dewey), a secured creditor and party in interest in the above-captioned Chapter 7 case of CRII, LLC (the "Debtor"). Dewey respectfully requests the Court to compel abandonment pursuant to section 554(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 6007, and Local Bankruptcy Rule 6007-1 of any claim the Chapter 7 Trustee or the estate may have to set aside the transfer of 36 acres of Yavapai County real property (the "Property") that took place 3 days prior to the filing of this case. Although such a claim may exist in theory, the Property's value is far less than the lien upon it and accordingly, the claim, which ostensibly could restore the Property to the estate, is both burdensome as well as of inconsequential value and benefit to the estate.

| | |
|---|---|
| 1 | This Application is supported by: (i) the attached Memorandum of Points and |
| 2 | Authorities; and (ii) the entire record before the Court in this converted Chapter 7 case. |
| 3 | RESPECTFULLY SUBMITTED this 7th day of May, 2009. |

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391

By /s/ Gerald L. Shelley
 Gerald L. Shelley

Attorneys for DEWEY 36 LENDER, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  FACTUAL BACKGROUND.

1. On January 7, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 (the "Petition"). On January 20, 2009, the Court entered its order converting this case to Chapter 7. Constantino Flores was then appointed Chapter 7 Trustee and Allen, Sala and Bayne, PLC was then appointed as his counsel on February 6, 2009.

2. On January 4, 2008, three days prior to the filing of this case, Nicholas W. Bonanno Jr., as principal for the Debtor, conveyed the Property to THE ESTATES AT CHERRY RIDGE, LLC, an Arizona Limited Liability Company. See Warranty Deed recorded January 4, 2008 attached as Exhibit A.

3. The Property is vacant and does not generate any income.

4. In connection with its purchase and intended development of the Property, the Debtor obtained financing from Dewey pursuant to a Loan Agreement (the "Loan Agreement") attached as Exhibit B.

5. In conjunction with the Loan Agreement, the Debtor executed and delivered to Dewey a Multiple Advance Note dated July 10, 2007, in the amount of $1,200,000.00 (the "Note") attached as Exhibit C.

6. The Note is secured by, among other things, a Deed of Trust, Assignment of Rents and Security Agreement dated July 10, 2007, and recorded in the official records of the Yavapai County Recorder (the "Deed of Trust," together with the Loan Agreement and the Note, the "Loan Documents") which encumber the Property, attached as Exhibit D.

7. The Debtor defaulted on its obligations under the Loan Documents by failing to pay amounts thereunder as they came due.

8. Dewey is the current holder of a secured claim against the Property of at least $1,330,622.58, together with accrued and accruing interest, attorneys' fees and costs (the "Indebtedness").

9. There being no bankruptcy stay in place, Dewey caused a Trustee's sale under its Deed of Trust to be set for June 24, 2009. Stewart Title is processing the foreclosure, but expressed concern given the existence of this bankruptcy case. Exercising proper caution, Dewey brings this motion to have the claim abandoned from the estate so that the Trustee's Sale may go forward without cloud from this bankruptcy case.

10. Attached as Exhibit E is an Appraisal dated April 27, 2009 showing the Property to be worth $540,000, far less than 1/2 the amount due under the Loan Documents.

11. The Trustee could use his strong arm powers to reverse the transfer of the Property that occurred 3 days prior to the filing of the petition. If successful, he would bring property back into the estate that is burdened by a lien far in excess of its value.

12. Accordingly, whatever claim or right the Trustee has to set aside the January 4, 2008 transfer is of no value to this estate.

## II.   **LEGAL ARGUMENT**.

Under Section 554 of the Bankruptcy Code, the court may order a trustee to abandon property that is of "inconsequential value and benefit to the estate." 11 U.S.C. §554(b). Property may be abandoned to a creditor who has a possessory interest in it. See COLLIER ON BANKRUPTCY §554.02[3]; see also Midlantic Nat. Bank v. New Jersey Dept. of Environmental Protection, 474 U.S. 494, 508 n.1 (1986); In re Circle K Corp., 137 B.R. 346, 348 (Bankr. D. Ariz. 1992).

Where the Property is valued at much less than 1/2 its liened amount, the Court should compel the Trustee to abandon whatever claim or right he might have relating to the Property because it can only be burdensome and of inconsequential value to the estate. 11 U.S.C. §554(b).

### III. CONCLUSION.

For the foregoing reasons, Dewey respectfully requests the Court to enter an Order:

1. Compelling the Trustee to abandon whatever claim or right he may assert relating to the Property.

2. Granting Dewey such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

RESPECTFULLY SUBMITTED this 7th day of May, 2009.

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391

By /s/ Gerald L. Shelley
    Gerald L. Shelley

Attorneys for DEWEY 36 LENDER, LLC.

COPIES of the foregoing sent via
first-class U.S. mail this 7th day of
May, 2009, to all creditors and interested
parties, a list of which is attached to the
Court's copy only, and to the following
parties via electronic mail:

Allan D. Newdelman
Allan D. Newdelman, PC
80 E. Columbus Ave.
Phoenix, AZ 85012
Email: anewdelman@qwestoffice.net
Attorneys for Debtor

Thomas H. Allen
Allen, Sala & Bayne, PLC
Viad Corporate Center
1850 N. Central Ave., #1150
Phoenix, AZ 85004
Email: tallen@asbazlaw.com
Attorneys for Chapter 7 Trustee

| | |
|---|---|
| 1 | Jonathan E. Hess |
| | Office of the U.S. Trustee |
| 2 | 230 N. First Avenue, Suite 204 |
| | Phoenix, AZ 85003-1706 |
| 3 | Email: jon.e.hess@usdoj.gov |
| 4 | |
| 5 | /s/ Jason Antonino |

Case 2:08-bk-00133-RTB   Doc 130   Filed 05/07/09   Entered 05/07/09 18:01:05   Desc
QB\135831.00004\7941888.1
Main Document   Page 6 of 8

4

Label Matrix for local noticing
0970-2
Case 2:08-bk-00133-RTB
District of Arizona
Phoenix
Tue May  5 16:54:29 MST 2009

MIDDLE MOUNTAIN PROPERTIES, LLC
P.O. BOX 10940
GLENDALE, AZ 85318-0940

MARICOPA COUNTY TREASURER
c/o Madeleine C. Wanslee
Gust Rosenfeld P.L.C.
201 E. Washington St.
Suite 800
Phoenix, AZ 85004-2327

U.S. Bankruptcy Court, Arizona
230 North First Avenue, Suite 101
Phoenix, AZ 85003-0608

MARKHAM CONTRACTING CO., INC.
c/o Tamalyn E. Lewis
c/o Geoffrey M. Khotim
Ridenour Hienton Kelhoffer Lewis & Garth
201 N. Central Ave., Suite 3300
Phoenix, AZ 85004-1052

A Cal Wrecking Co.
c/o Peter Petersen
13443 North 20th Street
Phoenix AZ 85022-5105

ARIZONA Department of Revenue
1600 West  Monroe
7th Floor
Phoenix AZ 85007-2650

Allen D. Jenkins & Associates
5417 West ironwood Drive
Glendale AZ 85302-2221

American Tower Corporation
1st Floor
10 Presidential
Woburn MA 01801-1053

Colonial Capital, LLC
c/o James E. Cross, Esq.
Osborn Maledon, P.A.
2929 N. Central Ave., Suite 2100
Phoenix, AZ 85012-2793

Colonial Capital, LLC as POA for
Exhibit A
4222 East Thomas Road  Suite 330
Phoenix AZ 85018-7618

Guaranty Title Agency
7740 North 16th Street
Suite 200
Phoenix AZ 85020-4482

I Tow Limited Partnershp
2155 West Williams Drive
Phoenix AZ 85027-1207

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

MARICOPA COUNTY TREASURER
c/o Madeleine C. Wanslee
Gust Rosenfeld P.L.C.
201 E. Washington St., #800
Phoenix, Arizona  85004-2327

Maricopa County Treasurer
301 West Jefferson Room 100
P.O. Box 78574
Phoenix AZ 85062-8574

Michael C. Sheedy, Esquire
The Henderson Law Firm
2415 East Camelback Road  Ste 1050
Phoenix AZ 85016-4248

Nicholas W. Bonnano, Jr. & Rita Bonanno
P.O. Box 10940
Glendale AZ 85318-0940

Perry & Shapiro
3300 North Central Avenue
#2200
Phoenix AZ 85012-2582

THOMAS H ALLEN
KEVIN C MCCOY
ALLEN SALA & BAYNE PLC
1850 N CENTRAL AVENUE SUITE 1150
PHOENIX AZ 85004-0977

The Estate of Charles Helm
P.O. Box 426
Portales NM 88130-0426

U.S. TRUSTEE
OFFICE OF THE U.S. TRUSTEE
230 NORTH FIRST AVENUE
SUITE 204
PHOENIX, AZ 85003-1725

U.S. TRUSTEE
230 N 1st Avenue, #204
Phoenix, AZ 85003-1725

ALLAN D. NEWDELMAN
ALLAN D NEWDELMAN PC
80 E. COLUMBUS AVE.
PHOENIX, AZ 85012-2334

CONSTANTINO FLORES
PO BOX 511
PHOENIX, AZ 85001-0511

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
210 East Earll
Stop 5014PX
Phoenix AZ 85012

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Colonial Capital, LLC        (u)ESTATE OF CHARLES E. HELM        End of Label Matrix
                                                                    Mailable recipients   24
                                                                    Bypassed recipients    2
                                                                    Total                 26